Case:12-30112-SDB Doc#:149 Filed:03/27/13 Entered:03/27/13

**FILED**
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Augusta, Georgia
*By jpayton at 5:44 pm, Mar 27, 2013*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Dublin Division

IN RE: ) Chapter 11 Case
) Number <u>12-30112</u>
LISTER W. HARRELL, )
)
    Debtor )
_____)

## OPINION AND ORDER

    Before the Court is a Motion to Convert to Chapter 7 filed by the United States Trustee ("UST"). Lister W. Harrell ("Mr. Harrell") opposes the conversion. For the reasons set forth on the record at the hearing held March 12, 2013 and for those set forth herein, the UST's motion is granted.

    Pursuant to 11 U.S.C. §1112(b),[1] once "cause" is established a chapter 11 case shall be converted or dismissed,

---

[1] 11 U.S.C. §1112(b) states in pertinent part:

(b)(1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

AO 72A
(Rev. 8/82)

whichever is in the best interests of the creditors and the estate, unless the Court finds appointment of a trustee is in the best interests of the creditors and the estate. 11 U.S.C. §1112(b). Provided the Court shall not dismiss or convert the case if it finds unusual circumstances and the debtor or other party in interest establishes that there is a reasonable likelihood that a plan will be confirmed within a reasonable period of time and the grounds for converting or dismissing include an act or omission, other than loss or diminution of the estate, that is justifiable and curable within a reasonable period of time. 11 U.S.C. §1112(b)(2). A non-exhaustive list of examples of "cause" is set forth in 11 U.S.C. §1112(b)(4).[2]

---

[2] 11 U.S.C. §1112(b)(4) states:

(4) For purposes of this subsection, the term 'cause' includes--

(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

(B) gross mismanagement of the estate;

(C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;

(D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;

(E) failure to comply with an order of the court;

2

Based upon the evidence set forth at the hearing, I find the following constitute "cause" in the case <u>sub judice</u>: (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; (B) gross mismanagement of the estate; and (C) failure to file a disclosure statement, or to file or confirm a plan.  <u>See</u> 11 U.S.C. §1112(b)(4)(A), (B), and (J).

As set forth at the hearing, there has been gross mismanagement and a continuing loss and diminution of the bankruptcy

---

(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

(G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;

(H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);

(I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;

(J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court. . . .

AO 72A
(Rev. 8/82)

estate, as the funds of Saraland LLLP have been commingled with and used to fund this bankruptcy case.  Mr. Harrell has commingled his personal finances with his businesses, Saraland LLLP (Case No. 12-30113) and Paradise Farms, Inc. (Case No. 12-30111), who are also debtors in bankruptcy.  Mr. Harrell testified and acknowledged Saraland's funds have been utilized to pay for his personal expenses as well as the expenses of Paradise.  Mr. Harrell's testimony reflects a lack of understanding and competence in complying with the chapter 11 procedures.  Saraland has paid for business travel and entertainment of Mr. Harrell that did not benefit it.  Mr. Harrell has sold vehicles post-petition to pay for his personal attorneys and did not account for the over $90,000.00 in cash until prompted to by the UST.  At the hearing, Mr. Harrell was unsure whether he personally owned these vehicles or whether they belong to Saraland.  Neither Saraland's nor Mr. Harrell's bankruptcy schedules reflect ownership of these vehicles.  Mr. Harrell has made an $8,000.00 loan to Saraland and post-petition loans of up to $20,846.59 to Paradise without this Court's approval.  Mr. Harrell has assets in the amount of $121,078.00 and debts in the amount of $4,108,614.42.  Dckt. No. 1.  The latest operating report reflects an ending balance of $137.69.  Dckt. No. 140.  Lastly, Mr. Harrell has not filed a plan of reorganization.  The case was filed on March

4

29, 2012. Almost an entire year has passed without a plan being filed.[3]

For these reasons, I find cause exists to dismiss or convert the case. 11 U.S.C. §1112(b)(4)(J). Debtor has failed to show unusual circumstances exist that conversion or dismissal is not in the best interest of creditors and the estate, nor established that a plan will be confirmed within a reasonable period of time or that grounds for converting or dismissing the case include an act or omission that is justifiable and curable. See 11 U.S.C. §1112(b)(2). After considering the matter and with the UST's support, I find conversion is in the best interest of the creditors and the estate. In addition, there are potential fraudulent and preferential transfers to be recovered for the creditors.

For the forgoing reasons and the reasons set forth at the hearing held March 12, 2013, the UST's Motion to Convert is ORDERED GRANTED and the case is CONVERTED to one under Chapter 7.

/s/ Susan D. Barrett
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this 27th day of March 2013.

---

[3] Notwithstanding the failure to file a plan, the previously discussed grounds under §1112(b)(4)(A) and (B) are sufficient cause to dismiss, convert, or appoint a chapter 11 trustee.